**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TAMMY G. FULLER, individually and as
Personal Representative of the Estates of
RICHARD W. FULLER and ERIK W. FULLER,

                Plaintiffs,

v.                                                                                              No. CIV 04-414 RHS/ACT

THE NEW PIPER AIRCRAFT, INC.,

                Defendant.                                      Consolidated with:

BEVERLY CRUZ, Personal Representative of
the Estate of PATRICK L. CHAVEZ,

                Plaintiff

v.                                                                                              No. CIV 04-710 RHS/DJS

THE NEW PIPER AIRCRAFT, INC.,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

**Introduction**

THIS MATTER is before the Court on Defendant The New Piper Aircraft, Inc.'s ("New Piper") Motion to Compel Tammy G. Fuller's Answers to First Set of Interrogatories, and Responses to First Set of Requests for Production, filed August 16, 2005 [Doc. No. 69.] The Motion is fully briefed and ready for resolution. [Doc. Nos. 70, 73, 74, 75, 76.] There is no need for oral argument.

1

**Background**

This is a products liability case involving a fatal crash of a Piper Meridian aircraft near the Double Eagle Airport in Albuquerque, New Mexico on March 7, 2003. [Doc. No. 42.] The three people onboard the plane were all killed: Richard Fuller ("Mr. Fuller"), the owner and pilot; Erik Fuller, a passenger and son of Mr. Fuller; and Patrick Chavez, another passenger on the plane. Plaintiffs allege that New Piper designed, manufactured, assembled and distributed the defective aircraft and that the defects of the plane caused the crash and resulting fatalities. Plaintiffs, on behalf of the decedents' estates, sue for negligence and strict liability in tort. They seek compensatory damages for funeral and burial expenses; loss of earnings, earning capacity, support and contribution; and loss of care, comfort, society, consortium, grief and sorrow. New Piper denies liability and claim that pilot error caused the airplane crash. [Doc. No. 42.]

**New Piper's Motion to Compel Discovery Responses**

New Piper's motion to compel argued that Plaintiff Tammy Fuller's ("Ms. Fuller's") answers to many interrogatories and document requests were deficient. Subsequent to the motion, Ms. Fuller provided supplemental responses and/or other discovery was gained, which resolved a number of the initial discovery disputes raised by New Piper. The Court now understands from defense counsel's October 10, 2005 letter that the only matters left for the Court's resolution are those set forth in New Piper's reply brief. [Doc. No. 76.]

**Legal Standard**

The federal rules of civil procedure provide for broad and liberal discovery. Rule 26, for example, allows each party to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. To be discoverable, the information need not be admissible at

trial provided it appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26.

While this language is broad, the scope of permissible discovery is not without limits. In considering motions to compel, the Court may properly balance the needs and interests of the parties and may limit discovery where the benefit is minimal and the burdens of production are great. Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir.), *cert. denied*, 531 U.S. 926 (2000); Fed. R. Civ. P. 26(b)(2).

With these principles in mind, the Court addresses the disputed discovery requests and objections in this case.

### *Interrogatory No. 4:*

New Piper asked Ms. Fuller to identify each employment position Mr. Fuller held for the last fifteen (15) years, including the dates of his employment, salary, wages or commissions he received, and the reasons for leaving any employment position. Ms. Fuller objected on grounds that Interrogatory No. 4 was overly broad and unduly burdensome as to the time frame. Notwithstanding her objections, Ms. Fuller answered that Mr. Fuller worked at Fuller Homes, Inc. for 15 years prior to his death and that his salary, wages and commissions at Fuller Homes were contained in his tax returns for 1998-2002, which were produced. New Piper finds the answer deficient in that the 1998-2002 tax returns do not provide salary and wage information for Mr. Fuller for the full 15 years prior to his death in early 2003. New Piper argues that the earnings for all of those years are relevant to the issue of damages.

The Court agrees that some wage and earning information is relevant to the issues of future earning capacity and damages. However, the time frame is overly broad and the Court sustains

3

Plaintiff's objection on that ground. The Court concludes that 5 years of tax return information is sufficient to allow New Piper to analyze and address the damages issue concerning future earning capacity, particularly here where Mr. Fuller was employed exclusively by the same company throughout the 15 years preceding his death. [Doc. No. 76, Ex. A., Ms. Fuller's supplemental response to Interrogatory No. 4.] *See* LaFave v. Symbios, Inc., 2000 WL 1644154 at *2 (D. Colo. 2000) (discovery for period five years before alleged act was reasonable); James v. Newspaper Agency Corp., 591 F.2d 579, 582 (10th Cir. 1979) (discovery for four years prior to the liability period deemed appropriate); EEOC v. Kansas City Southern Ry., 195 F.R.D. 678, 679-80 (D. Kan. 2000) (collecting cases discussing that discovery of information for a period of five years deemed reasonable). The Court, therefore, denies New Piper's request to compel 10 more years of tax return information for the decedent. No further employment information need be produced in response to Interrogatory No. 4.

### *Interrogatory No. 6*

New Piper asked Ms. Fuller to identify all individuals with knowledge regarding any allegation in the complaint and to describe the substance of that knowledge. Ms. Fuller initially referred New Piper to the individuals listed in her Initial Disclosures, and then supplemented those disclosures with the names of two additional individuals. New Piper argues that Ms. Fuller has never identified the substance of the knowledge of the individuals identified. With respect to the two individuals Ms. Fuller provided in supplemental responses, New Piper states that it is agreeable to excluding them from this motion provided the testimony elicited by Plaintiffs at trial is limited to that given during those individuals' depositions.

The Court denies New Piper's request to compel Ms. Fuller to provide more information in response Interrogatory No. 6. In so ruling, the Court examined Ms. Fuller's list of witnesses provided in her Initial Disclosures. [Doc. No. 70, Ex. C.] In her disclosures, Ms. Fuller supplied the names, addresses,[1] titles, and subjects of knowledge for 40 individuals. Ms. Fuller produced this information in the form of a spreadsheet. The spreadsheet contains the following types of entries: Ben Arnold, with the New Mexico State Police, was the officer who responded to the accident and issued a report; Ryan Scott was a witness flying in local air traffic and had visual contact with Mr. Fuller's aircraft; Tamara Bell was the FAA inspector who responded to the accident scene; Chris Jarman of Air Transport, Inc. recovered the wreckage; a number of SimCom Training Center employees were flight instructors who provided recurrent training and/or training with Mr. Fuller; and J. Cawley of Pratt & Whitney Canada is responsible for engine testing and quality assurance.

This type of information, while brief, is sufficient to alert New Piper to the subject matter of that potential witness' testimony so that Defendant could have made the determination of whether it should depose an individual. Moreover, Ms. Fuller complied with the express language of Rule 26(a) which states that a party must provide the name, and if known, the address of each individual likely to have discoverable information and identify "the subjects of information." Fed. R. Civ. P. (a)(1)(A). Ms. Fuller identified the subjects of information. Nothing more is required, and New Piper's motion is denied as to Interrogatory No. 6. In addition, the Court declines to limit the testimony of the two witnesses that were later identified since these individuals have apparently been deposed. Counsel for New Piper was free to question the deponents on whatever topics Defendant

---

[1] In some cases, the addresses were incomplete or not provided, but New Piper did not object regarding the inadequacy of contact information for the identified witnesses.

5

believed were pertinent to the claims and defenses of the case. To the extent that the deponents give inconsistent trial testimony, Defendant, of course, may attempt to impeach the witnesses with their sworn deposition testimony.

### *Request for Production No. 7:*

New Piper requested that Ms. Fuller execute and provide releases for employment and medical records of Mr. Fuller. New Piper argues that such records are central to the issue of damages. Ms. Fuller initially objected on grounds that the information sought; i.e., the actual employment and medical records, was privileged or confidential. She further objected that the requested information was overly broad and unduly burdensome and that it was not identified as an issue in this lawsuit. Ms. Fuller then agreed to try to obtain any such employment and medical records for her husband that existed and that were not otherwise confidential. She did not supply executed releases for the records.

In Ms. Fuller's supplemental responses to the document request, she states she already has produced all medical records for Mr. Fuller that she had in her possession, and further, that she had no employment records for the deceased. Ms. Fuller also argues that there is no authority to support New Piper's contention that it is entitled to a signed release for medical and employment records.

The Court overrules Ms. Fuller's objection as to the request for executed releases for Mr. Fuller's medical records. In cases concerning the physical condition of a party, the District of New Mexico's local rules require that the party supply a list of the names, addresses, and telephone numbers of any healthcare provider who has treated the party within the last five years before the date of the incident at issue. D.N.M. LR-Civ 26.3(d)(1). In addition, the local rules require that the party provide all such documents in her possession, along with a signed authorization form to release

medical records for each healthcare provider. D.N.M. LR-Civ 26.3(d)(2),(3). The form of authorization is supplied along with the District's local rules. A party should supply this type of information at the inception of litigation as part of Rule 26 initial disclosures, without the need for an opposing party to serve a formal discovery request.

In this case, information about Mr. Fuller's medical condition (prior to early 2003) is reasonably calculated to lead to the discovery of admissible evidence regarding his life expectancy and the estate's claims for future damages. Accordingly, the Court grants New Piper's motion to compel to the extent that Ms. Fuller is required to provide executed authorizations to release medical records for all health care providers who treated Mr. Fuller within the five years preceding his death. Ms. Fuller must provide the executed authorization forms to counsel for New Piper within ten (10) calendar days of the entry of this Order.

Regarding the motion to compel executed authorizations to release Mr. Fuller's employment records, New Piper argues that such records are relevant to the question of lost earnings and earning capacity. As discussed *supra*, discovery while broad, is not without limits. Amendments to Rule 26 in recent years have narrowed the scope of discovery. Committee notes to the amendments observe that courts have the authority to confine discovery, where needed. Committee Notes to 2000 Amendments to Rule 26(b)(1). Moreover, it is clear that a court may disallow a request for information that has no conceivable bearing on the claims or defenses. Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2, 197 F.3d 922, 925-26 (8th Cir. 1999); Garrett v. Sprint PCS, 2002 WL 181364 at *1 (D. Kan. Jan. 31, 2002).

New Piper fails to convince the Court that Mr. Fuller's employment records (New Piper actually seeks ten years of employment records) are relevant to the issue of damages. If New Piper's

7

purpose in obtaining employment records was to determine Mr. Fuller's salary and wage information, that data should be available to New Piper in the income tax returns already produced to Defendant for the five years preceding Mr. Fuller's death. Therefore, the Court denies New Piper's motion to compel authorizations to release employment records.

### *Request for Production No. 8:*

New Piper requests that Ms. Fuller execute a social security release for earnings information related to Mr. Fuller. Ms. Fuller objected on grounds that New Piper sought privileged or confidential information, the request was overly broad and unduly burdensome, and the requested information was not identified as an issue in the lawsuit. New Piper argues that the detailed earnings information sought by the release is relevant to the issue of damages, and that the five years of income tax returns already produced are not sufficient in evaluating economic damages.

The Court already has determined that five years of earnings information related to Mr. Fuller is sufficient. This request appears to be yet another attempt to obtain the same information that the Court already has rejected; i.e., Mr. Fuller's earning and wage information for the last 10 to 15 years. Moreover, New Piper has not supplied any evidence or information that it has reason to believe that Mr. Fuller applied for social security or disability benefits at some point prior to his death. Thus, the Court finds that even within the broad constructs of Rule 26 discovery, a request for an authorization to release Mr. Fuller's social security records is not reasonably calculated to lead to the discovery of admissible information. To the extent that New Piper seeks earnings information for the five years preceding Mr. Fuller's death, that information has already been produced. Accordingly, New Piper's motion to compel further documents be produced in response to Request No. 8 is denied.

### *Request for Production Nos. 9-11:*

New Piper again seeks the same type of financial and economic information for Mr. Fuller through these document requests and argues that ten years of economic information is necessary to evaluate the issue of damages. Request No. 9 requests Mr. Fuller's tax returns from 1993-2003; Request No. 10 asks for his W-2 and 1099 forms for 1993-2003; and Request No. 11 seeks Mr. Fuller's individual financial statements for 1993-2003. For the reasons stated above, the Court denies the request for additional economic and wage information for Mr. Fuller, other than the five years of tax returns already produced to New Piper.

### *Request for Production Nos. 12-16:*

These document requests seek financial statements, profit and loss statements, cash flow statements, minutes of Director meetings and Shareholder agreements related to any business entity owned in whole or in part by Mr. Fuller for the years 1993-2003. Ms. Fuller objected to all of these document requests on grounds that they seek information that is overly broad and unduly burdensome and not related to any issue identified in the lawsuit, and because any business entities owned by Mr. Fuller are not parties in this lawsuit.

New Piper asserts that such information is relevant to the Ms. Fuller's claims for lost earnings and earning capacity of Mr. Fuller. New Piper further contends that to evaluate the damages claims, it must consider what income Mr. Fuller was deriving from entities in which he had an ownership interest, to what extent he had an interest in various entities, whether he was actively managing any businesses during this time period, how well the business entities were doing, and projections as to those business' future success.

The Court finds that some of the requested information may be relevant to the issue of damages. Thus, it will order that Ms. Fuller produce to New Piper the following information for the

years 1998-2002: financial statements, profit and loss statements, and cash flow statements for any business entity owned in whole or in part by Mr. Fuller (this does not include business entities in which Mr. Fuller was merely a stock holder or an investor in a publicly traded business). Ms. Fuller must also state whether Mr. Fuller was actively involved in managing any business entity so identified. If the information being provided involves a business that was not owned entirely by Mr. Fuller, the information will be produced subject to a Confidentiality Order. No other information need be produced. Accordingly, New Piper's motion to compel additional responses to Request for Production Nos. 12-16 is granted in part and denied in part. The information that is to be produced should be supplied to New Piper within twenty (20) calendar days of the entry of this Order.

## Conclusion

Because the New Piper's Motion to Compel is granted in part and denied in part, the Court declines to award expenses or assess sanctions against either party.

IT IS THEREFORE ORDERED that The New Piper Aircraft, Inc.'s Motion to Compel Tammy G. Fuller's Answers to First Set of Interrogatories, and Responses to First Set of Request for Production [Doc. No. 69] is GRANTED in part and DENIED in part, as set forth above.

/s/ Alan C. Torgerson
Alan C. Torgerson
United States Magistrate Judge